FILED
2020 Feb-18 AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JENNIFER NICHOLE PIPPIN, | } |
| Plaintiff, | } |
| v. | } Case No.: 4:18-cv-01946-ACA |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | } |
| Defendant. | } |

## MEMORANDUM OPINION

Plaintiff Jennifer Nichole Pippin appeals the Social Security Commissioner's denial of her application for supplemental security income. On January 13, 2020, the magistrate judge entered a report and recommendation that the court affirm the Commissioner's decision. (Doc. 13). On January 16, 2020, Ms. Pippin, through counsel, filed objections to the report and recommendation. (Doc. 14). Pursuant to 28 U.S.C. § 636(b)(1)(C), this case is before the court for a review of Ms. Pippin's objections to the report and recommendation.

Ms. Pippin makes two objections to the magistrate judge's report and recommendation. First, Ms. Pippin claims that the magistrate judge utilized the wrong standard in determining whether the Appeals Council erred in denying

review. Second, Ms. Pippin argues that the magistrate judge erred in finding that Dr. Huma Khusro's mental health source statement is dated March 21, 2018 and not June 21, 2018.[1] The court examines each objection below.

I. **Standard for Determining Whether Appeals Council Erred in Denying Review**

Ms. Pippin's first objection is that the magistrate judge applied the wrong standard in determining whether the Appeals Council erred in denying review and failing to remand in light of new evidence. (Doc. 14 at 2). The magistrate judge's report states that "'[t]he court must consider whether the new evidence submitted to the Appeals Council renders the ALJ's decision erroneous by undermining the substantial evidence supporting the ALJ's decision.'" (Doc. 13 at 7) (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 785 (11th Cir. 2014)). Ms. Pippin argues that *Mitchell* does not control, and that the correct standard is whether there is a "'reasonable possibility'" that the new evidence would change the

---

[1] In his report, the magistrate judge advised the parties that objections "should specifically identify all findings of facts and recommendations to which objection is made and the specific basis for objecting" and that objections "should not . . . repeat legal arguments." (Doc. 13 at 19). Ms. Pippin's third and fourth "objections" do not challenge any of the magistrate judge's findings of fact or recommendations. Instead, the third and fourth "objections" are legal argument copied and pasted from Ms. Pippin's briefs in support of her appeal. (*Compare* Doc. 10 at 15–16 *and* Doc. 12 *with* Doc. 14 at 6–9). Accordingly, the court does not consider Ms. Pippin's third and fourth arguments because they are not objections to the report and recommendation. The court has previously warned Ms. Pippin's counsel that he should comply with the court's instructions regarding objections. (*See* Doc. 19 at n.1 in Case No. 4:17-cv-01929-ACA, *Tays v. Berryhill*). The court repeats that warning here and expects that Ms. Pippin's counsel will follow the court's orders in the future when he files objections on behalf of claimants he represents.

2

administrative result. (Doc. 14 at 3 (quoting *Hyde v. Bowen*, 823 F.2d 456, 458–59 (11th Cir. 1987)). Ms. Pippin is partially correct.

"'With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). The Appeals Council must consider evidence that is new, material, and chronologically relevant. *Id.* As Ms. Pippin correctly notes, material evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde*, 823 F.2d at 459. If the Appeals Council does not consider new, material, and chronologically relevant evidence, "it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321. Alternatively, when the Appeals Council considers new evidence but denies review, the court decides whether the new evidence "render[s] the Commissioner's denial of benefits erroneous." *Mitchell*, 771 F.3d at 785.

In this case, Ms. Pippin submitted three pieces of evidence to the Appeals Council: (1) medical records from CED Mental Health Center, dated February 27, 2018; (2) Dr. Huma Khusro's mental health source statement, dated March 21,

2018[2]; and (3) medical records from CED Mental Health Center, dated March 22, 2018.[3]

The Appeals Council considered the February 27, 2018 CED records and Dr. Khusro's March 21, 2018 mental health source statement but found that this evidence did not "show a reasonable probability that it would change the outcome of the decision." (R. 2). Because the Appeals Council considered this evidence, *Mitchell* applies, and the court need not decide whether there is a "reasonable possibility that [the evidence] would change the administrative result," *Hyde*, 823 F.2d at 459, as the Appeals Council has already done so. Rather, the question with respect to these two pieces of evidence is whether the evidence "undermined the substantial evidence supporting the ALJ's decision." *Mitchell*, 771 F.3d at 785. The magistrate judge properly undertook that analysis concerning the February 27, 2018 CED records and Dr. Khusro's March 21, 2018 mental health source statement. (*See* Doc. 13 at 12–13).

---

[2] There is a discrepancy in the record about whether Dr. Khusro's mental health source statement is dated March 21, 2018 or June 21, 2018. The court explores this issue further below in response to Ms. Pippin's second objection to the magistrate judge's report and recommendation. The court uses the March 21, 2018 date for purposes of this portion of the memorandum opinion because this is the date the Appeals Council assigned to the mental health source statement and any discrepancy regarding the date is immaterial to Ms. Pippin's first objection.

[3] Ms. Pippin submitted other evidence to the Appeals Council, but she does not challenge the Appeals Council's review of that evidence in this appeal. (*See* Doc. 10 at 10).

The Appeals Council did not consider medical records from CED Mental Health Center dated March 22, 2018, finding that this evidence "does not relate to the period at issue" and "does not affect the decision about whether" Ms. Pippin was disabled on or before the date of the ALJ's decision. (R. 2). Therefore, under *Washington*, the court must review *de novo* whether the March 22, 2018 CED records are new, material, and chronologically relevant evidence.

In his report and recommendation, the magistrate judge concluded that the March 22, 2018 CED records were new, material, and chronologically relevant, and that the Appeals Council erred in failing to consider the evidence. (Doc. 13 at 11). Thus, pursuant to *Washington*, the magistrate judge should have recommended remand based on that finding. *See Washington*, 806 F.3d at 1321 ("[W]hen the Appeals Council erroneously refuses to consider [new, material, and chronologically relevant] evidence, it commits legal error and remand is appropriate.").[4] Although the magistrate judge should have recommended remand, his failure to do so does not change the outcome in this case. The court has independently reviewed the March 22, 2018 CED records and finds that they are not material, and therefore, the Appeals Council did not err in failing to consider them.

---

[4] Instead, the magistrate judge incorrectly considered whether, under *Mitchell*, the records "deprive[d] the ALJ's decision of substantial evidentiary support." (Doc. 13 at 12). But as explained above, because the Appeals Council did not consider the March 22, 2018 CED records, *Mitchell* does not apply to the court's consideration of the March 22, 2018 records.

The March 22, 2018 CED records show that Dr. Khusro examined Ms. Pippin and found Ms. Pippin's speech was clear, coherent, and goal directed. (R. 82). Ms. Pippin's memory was intact. (R. 83). Ms. Pippin reported a "mildly dysphoric" mood, but her affect was "full range and congruent." (R. 82). Ms. Pippin reported no lethal ideations, paranoia, delusions, or audio/visual hallucinations. (R. 82). Her attention span was fair, and she demonstrated no gross language deficits. (R. 83). Dr. Khusro noted diminished concentration and limited judgment and insight, but she did not identify the extent of those limitations or how those limitations might impair Ms. Pippin's ability to work. (R. 83). The March 22, 2018 treatment note contains no evidence that is so relevant and probative "that there is a reasonable possibility it would change the administrative result." *Hyde*, 823 F.2d at 459. Because the March 22, 2018 CED records are not material, the Appeals Council did not commit reversible error by failing to consider the evidence.

Accordingly, the court rejects the magistrate judge's finding that the March 22, 2018 CED records are material. However, as explained above, this does not require remand.

## II. Date of Dr. Khusro's Mental Health Source Statement

Ms. Pippin's second objection is that the magistrate judge attributed the wrong date to Dr. Khusro's mental health source statement. (Doc. 14 at 4). The

6

court transcript index states that Dr. Khusro's report is dated June 21, 2018. (Doc. 7-2 at 1). In denying review, the Appeals Council stated that Dr. Khusro's report is dated March 21, 2018. (R. 2).

The magistrate judge acknowledged that it is difficult to discern the proper date from the record. (Doc. 13 at 15). The court agrees that it impossible to tell from the report itself whether Dr. Khusro wrote a "3" or a "6" to designate the month in which she completed the form, or whether she (or someone else) might have written over the original number. (*See* R. 84; 189). The court also agrees with the magistrate judge that because a reasonable person could interpret the form as bearing either date, the court must defer to the Commissioner's factual finding from the Appeals Council's denial letter that the report is dated March 21, 2018. (*See* Doc. 13 at 15). Nevertheless, whether dated March 21, 2018 or June 21, 2018, the report does not change the administrative result.

According to Ms. Pippin, had the Commissioner concluded that Dr. Khusro's report was dated June 21, 2018, then Dr. Khusro would have qualified as a treating physician whose opinions are entitled deference or considerable weight in the absence of good cause. (*See* Doc. 14 at 5). Assuming Dr. Khusro is a treating physician,[5] for all the reasons explained by the magistrate judge (*see* doc.

---

[5] It is unclear from the record whether Dr. Khusro had established a treating relationship with Ms. Pippin by June 21, 2018. The record contains only two records from Dr. Khusro. The first is a March 22, 2018 treatment note. (R. 82–83). The second is the March 21, 2018 or June

7

13 at 16–18), the Commissioner had good cause to reject Dr. Khusro's opinion because it is inconsistent with other evidence in the record. *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (good cause for rejecting treating physician's opinion exists if the opinion "was not bolstered by the evidence" or if the "evidence supported a contrary finding").

If, on the other hand, Dr. Khusro is an examining physician, for all the reasons explained by the magistrate judge (*see* doc. 13 at 16–18), her opinion does not undermine the substantial evidence that supports the Commissioner's decision because her opinion is inconsistent with the record as a whole. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) (noting that the Commissioner "may reject the opinion of any physician when the evidence supports a contrary conclusion").

Accordingly, whether dated March 21, 2018 or June 21, 2018, Dr. Khusro's medical source statement does not render the ALJ's decision erroneous.

---

21, 2018 mental health source statement. (R. 84). It appears that Dr. Khusro examined Ms. Pippin only once, and the court questions whether this one examination is sufficient to qualify Dr. Khusro as a treating physician. *See* 20 C.F.R. § 416.927(a)(2) ("Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)."); *see also McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (stating that opinions of one-time examiners are not entitled to deference because a one-time examiner is not a treating physician).

## III. Conclusion

Having carefully reviewed and considered *de novo* "those portions of the report or specified proposed findings or recommendations to which" Ms. Pippin objects, *see* 28 U.S.C. § 636(b)(1)(C), and for the reasons outlined above, the court **ACCEPTS** the magistrate judge's recommendation and **AFFIRMS** the Commissioner's decision.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 18, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE